## MEMORANDUM ENDORSEMENT

<u>BDRN, LLC, et al. v. UnitedHealthcare of New York, Inc., , et al.</u>, 15-cv-804 (NSR)

Based on Defendants' representations to this Court regarding the ability of Plaintiff to receive his prescription drugs in a timely manner (by Feb. 20, 2015) and at no additional cost, the Court finds that there is no irreparable harm likely to be incurred pending the hearing scheduled for February 27, 2015, on Plaintiffs' request for preliminary injunctive relief.

The Court notes that Defendants have represented (via the attached letter) that Plaintiffs' medication can be delivered by courier by Bioscrip on or before February 20, 2015, or sent to one of three HTCs listed in Defendants' February 13 letter for Plaintiff Doe to pick up on or before February 20, 2015. Defendants have also represented that this will be at no additional cost to Plaintiff Doe.

This Court's Order dated February 13, 2015, is thus modified to the extent that Plaintiff is now directed to seek his medication from a participating pharmacy and thus abide by the requirements set by his insurance. Defendants are no longer ordered to allow BDRN to fill Plaintiff's prescription for his medication as if it is part of Defendant United's Specialty Pharmacy Network.

The rest of the Court's February 13, 2015, Order stands as ordered. Defense counsel is directed to serve a copy of this memorandum endorsement on Plaintiffs' counsel by email and fax immediately today (February 18, 2015), as well as by overnight mail.

Dated: February 18, 2015
White Plains, NY

SO ORDERED.

_____
Nelson S. Román, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/18/2015

# Sedgwick LLP

225 LIBERTY STREET, 28TH FLOOR   NEW YORK, NY 10281-1008
www.sedgwicklaw.com   212.422.0202 *phone*   212.422.0925 *fax*

## Facsimile Transmittal Sheet

DATE   February 13, 2015

TIME   6:03 pm

NUMBER OF PAGES:   8 (including cover page)

If any portion of the following document is illegible or missing, please call our Fax Center at 212.422.0202 as soon as possible.

**TO:**

| NAME | COMPANY | TELEPHONE | FACSIMILE |
|---|---|---|---|
| Hon. Nelson S. Roman | United States District Court for the Southern District of New York | 914-390-4177 | (914) 390-4179 |
| Joseph Murphy | Hiscock & Barclay, LLP | (518) 429-4248 | (518) 533-2943 |

**FROM:**

NAME:   Michael H. Bernstein    FAX BACK NUMBER:   (212) 422-0925
OFFICE:  New York               OUR FILE NO.:      03246-000274
RE:      *BDRN, LLC et al.* v. *UnitedHealthcare of New York, Inc., et al.*
         Civ. Act. No. 15-cv-804

**MESSAGE:**

**Privilege and Confidentiality Notice**

The Information contained in this facsimile message is attorney privileged and confidential information intended only for the persons or entity named above. If you are not the intended recipient (or someone responsible to deliver to the intended recipient), please be aware that any dissemination or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us by telephone immediately and return the original message to us at the address above via the U.S. Postal Service. Thank you.

19917435v1

ATTORNEYS AT LAW

225 LIBERTY STREET, 28TH FLOOR   NEW YORK, NY 10281-1008

*www.sedgwicklaw.com*   212.422.0202 *phone*   212.422.0925 *fax*

# Sedgwick LLP

*Michael H. Bernstein*
*(212) 898-4011*
*michael.bernstein@sedgwicklaw.com*

February 13, 2015

*Via Facsimile ((914) 390-4179)*
Hon. Nelson S. Roman
United States District Court Judge
United States District Court for the Southern
District of New York
300 Quarropas St.
White Plains, NY 10601-4150

Re:  *BDRN, LLC et al.* v. *UnitedHealthcare of New York, Inc., et al.*
     Civ. Act. No. 15-cv-804
     File No.: 03246-000274

Dear Judge Roman:

     This office represents Defendants UnitedHealthcare of New York, Inc., UnitedHealthcare Insurance Company of New York and OptumRX, Inc. (collectively "United"). We are in receipt of the Court's Order to Show Cause granting Plaintiffs' request for a temporary restraining order directing Defendants to "allow BDRN to fill Plaintiffs' prescription for medicine as if it is [ ] participat[ing] in United's Specialty Pharmacy Network for Pharmacy Benefit" (hereinafter, the "TRO"). We write to request that the Court reconsider its Order and immediately vacate the TRO because Defendants received no notice that this application would be heard today and because it changes the *status quo*.

     Defendants understood from BDRN's counsel that the Court scheduled a conference on February 27, 2015 to consider Plaintiffs' application and that the Court would not consider the application for a TRO before that time. In fact, Defendants received *no notice* that the Court would consider Plaintiffs' application for a TRO today, or at any time prior to February 27, 2015. Rule 65(b)(1)(B), FED. R. CIV. P., requires that the party requesting a TRO without notice "certify in writing any efforts to give notice and the reasons why it should not be required." Here, not only did BDRN not provide such a certification in support of its application, it explicitly advised Defendants and the Court that "[t]he application is scheduled to be heard before Your Honor on February 27, 2015 at 2:30 P.M." (See attached).

     Furthermore, Plaintiffs have not shown imminent, irreparable harm to justify issuance of this TRO. Presumably, the Court acted because BDRN alleges that Plaintiff John Doe must next fill his medication on February 20, 2015. Plaintiff Doe has been receiving his factor drugs through United's Specialty Pharmacy Network for over a year without BDRN being a participating pharmacy.

Hon. Nelson S. Roman, U.S.D.J.
Re: *BDRN, LLC et al. v. UnitedHealthcare of New York, Inc., et al.*
   Civ. Act. No. 15-cv-804
February 13, 2015
Page 2

Plaintiff Doe's affidavit makes several allegations related to the delivery of his drugs and the alleged lack of service he received from OptumRx's Specialty Pharmacy. However, it is important to note that United's Specialty Pharmacy Network includes a New York-based pharmacy – Bioscrip – that is willing to deliver his medication to him via courier. Moreover, the pharmacy is willing to deliver Plaintiff's medications to NY Consortium Hemophilia Treatment Centers (HTCs) where they can be stored so that Plaintiff can pick them up at his convenience. There appear to be at least three HTCs in Plaintiff's location:

- New York Presbyterian Hospital – Weill Cornell
- University Medical Center HTC and
- Mount Sinai Hemophilia Treatment Center.

(*See* attached letter dated February 5, 2014). Accordingly, Plaintiffs have made no showing of any imminent irreparable harm. Thus, Plaintiffs have not satisfied the single most important criteria for granting such extraordinary relief.

The Court should also be aware that the issues raised in Plaintiffs' current application were first raised more than a year ago in Plaintiffs' complaint to the New York State Attorney General. (See attached letter from United dated February 5, 2014). The Attorney General took no action in response to Plaintiffs' Complaint. Plaintiffs then filed a complaint with the Department of Financial Services ("DFS") in March, 2014. The DFS also did not take any action in response to the complaint. Plaintiffs did nothing thereafter until the filing of this action earlier this month. Thus, not only is there no urgency to Plaintiffs' application, their delay in bringing this action underscores that there is no need or justification for entry of a TRO at this time. *See Life Technologies Corp. v. AB Sciex Pte. Ltd.*, No. 11 Civ. 325 RJH, 2011 WL 1419612, at *7 (S.D.N.Y. Apr. 11, 2011) ("[C]ourts typically decline to grant preliminary injunctions in the face of unexplained delays of more than two months." (quoting *Gidatex, S.r.L. v. Campaniello Imports, Ltd.*, 13 F. Supp. 2d 417, 419 (S.D.N.Y.1998)).

Moreover, the effect of the TRO is to make BDRN a participating pharmacy in United's Specialty Designated Pharmacy Network, although it has conceded that BDRN *did not have that status* before the TRO was entered. The TRO therefore changes the *status* quo—it does not preserve it. The U.S. Supreme Court and the Second Circuit have ruled that a TRO that changes the *status quo* is improper. In *Granny Goose Foods v. Brotherhood of Teamsters*, 515 US 423, 439 (1974), the Court explained that "under federal law [TROs] should be restricted to serving their underlying purpose of preserving the *status quo* and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Similarly, the Second Circuit has held that: "'[t]he purpose of a temporary restraining order is to preserve an existing situation *in status quo* until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction.'" *Warner Bros. Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1125 (2d Cir. 1989) (*quoting Pan American World Airways, Inc. v. Flight Engineers' Int'l Ass'n*, 306 F.2d 840, 842–43 (2d Cir.1962)); *see Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 107 (2d Cir. 2009). "A court may issue an temporary restraining order upon a showing of irreparable harm and for the purpose of preserving the *status quo* long enough to hold a hearing." *See Haitian Centers Council, Inc. v. McNary*, 789 F. Supp. 541, 546-47 (E.D.N.Y. 1992); *see also Mastrio v. Sebelius*, 768 F.3d 116, 121 (2d Cir. 2014) ("The TRO here restored the *status quo*; it did not alter it"). The TRO issued today changes the *status quo*. In fact, BDRN admits in its Complaint that it has never been a participating provider in the Specialty Pharmacy Network. (Comp., ¶48).

Hon. Nelson S. Roman, U.S.D.J.
Re: *BDRN, LLC et al.* v. *UnitedHealthcare of New York, Inc., et al.*
   Civ. Act. No. 15-cv-804
February 13, 2015
Page 3

Finally, the TRO also creates significant administrative problems for Defendants, requiring them to make an exception in their Network for BDRN. Among the many issues this TRO raises is the fact that United's Specialty Pharmacy Network has certain credentialing requirements that must be met, which BDRN admits it does not meet. (Compl., ¶¶49-51). Considering Plaintiffs' failure to show that there is any imminent risk of irreparable harm to any of the Plaintiffs to warrant the entry of a mandatory injunction changing the *status quo*, Defendants should not have to bear this additional administrative burden. This is particularly so where Defendants maintain and will show that Plaintiffs have no likelihood of success on the merits in this matter. Accordingly, the TRO should be vacated and the Plaintiffs' application heard in the normal course, following full-briefing by Defendants on February 27, 2015, as Plaintiffs had originally represented in the attached letter.

Thank you for your consideration of this matter.

Respectfully submitted,

*/s/ Michael H. Bernstein*

Michael H. Bernstein
Sedgwick LLP

MHB

cc: Joseph Murphy

19917217v1


Oxford

48 Monroe Turnpike
Trumbull, CT 06611

February 5, 2014

State of New York
Office of the Attorney General
The Capitol
Albany, NY 12224
Attn: Jacquelyn Heffner

Re:  State File Number:   1153430
     Complainant Name:    ▬
     Member ID:           1113628801
     Member Name:         ▬
     Group Name:          Voyetra Turtle Beach, Inc.
     Policy Number(s):    VT3084
     Product Type:        Freedom
     NAIC Number:         78026
     Funding:             Fully Insured
     Situs:               New York
     Legal Entity:        Oxford Health Insurance, Inc.

**REDACTED**

Dear Ms. Heffner:

I am writing in response to the referenced complaint dated and received in our office on February 3, 2014. Thank you for bringing this issue to our attention.

Mr. ▬ filed a complaint regarding the denial of his request to utilize BDRN LLC to obtain his medication. Mr. ▬ cited multiple reasons why he preferred to continue using BDRN to supply his clotting factor.

My research determined that clotting factor is a specialty medication and per the member's Certificate of Coverage (COC), it must be filled at a Specialty Designated Pharmacy. BDRN is not a Specialty Designated Pharmacy and is not a network provider. Mr. ▬ does not have non-network benefits.

There are two participating Specialty Designated Pharmacy providers who can fill and deliver Mr. ▬'s prescriptions for clotting factor and therefore Oxford denied Mr. ▬'s request to continue utilizing BDRN to provide his clotting factor. Medication is usually delivered via United Parcel Service (UPS) or Federal Express and can be set up to have a signature required. However, Bioscrip would also be able to deliver the medication to the member by courier at his convenience. Mr. ▬ can contact Bioscrip at 866-788-7710 to set up an account and delivery schedule. Alternatively, if the member prefers he can pick up his medication at one of the three NY Consortium Hemophilia Treatment Centers (HTC). The HTCs located in the member's area are New York Presbyterian Hospital-Weill Cornell, University Medical Center HTC, and Mount Sinai Hemophilia Treatment Center.

With regard to the disposal of the medical waste, the member can contact one of the local consortiums for his options.

Mr. ▬ referenced the AMMO (Anti-Mandatory Mail Order) law and believes the he may be protected under this law. The New York Anti-Mandatory Mail Order law allows members to fill

February 5, 2014
File number: 1153430
Complainant: █████
Page 2 of 2

**REDACTED**

prescriptions for mail order and specialty prescription medications at a retail pharmacy only if the pharmacy agrees in advance to contractually meet Oxford's terms and conditions, including requirements for medication handling, delivery, clinical programs, and reimbursement.

To date, no New York retail pharmacies have contractually agreed to the same reimbursement amounts, terms, and conditions as we have with our mail order or specialty pharmacies. Given that no New York retail pharmacies are presently contracted with us for the same terms and conditions, there currently are no retail pharmacies that meet the coverage requirements under the new law.

I have enclosed copies of letters that we issued to M█████ and BDRN, the Outpatient Prescription Drug Rider, Oxford's policy for Clotting Factor and Coagulant Blood Products, the relevant portions of the Drug Coverage Guidelines policy, and the member's Certificate of Coverage (COC).

Your satisfaction is important to us. It is our goal to thoroughly review complaints and give you a prompt and complete response. If you have any questions about our actions, please call me at 800-889-7658, ext. 37433, Monday through Friday from 7:30 a.m. to 4:00 p.m. Eastern time.

Sincerely,

*Karen Cofield*

Karen Cofield
Regulatory Consumer Advocate

Enclosures

NOTICE: This communication may contain PRIVILEGED and CONFIDENTIAL information and is intended only for the use of the specific individual(s) to which it is addressed. It may contain Protected Health Information that is privileged and confidential. Protected Health Information may be used or disclosed in accordance with law and you may be subject to penalties under law for improper use or further disclosure of the Protected Health Information in this communication. If you are not an intended recipient, you are hereby notified that any unauthorized use, dissemination or copying of the information contained in it or attached to it is strictly prohibited. If you have received this in error, please securely destroy it and immediately notify the sender. Thank you.

# HISCOCK & BARCLAY LLP

Joseph A. Murphy
*Associate*

February 10, 2015

**VIA OVERNIGHT MAIL**

Hon. Nelson S. Román
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

      Re:    *BDRN, LLC v. United Healthcare Of New York, Inc.*, Civil Action No. 15-cv-804 (NSR)

Dear Judge Román:

    Please find enclosed two courtesy copies of our application for an Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction and to file a document under seal. This application is scheduled to be heard before Your Honor on February 27, 2015 at 2:30 p.m.

    We are submitting the original papers to the Clerk of the Court under separate cover.

Respectfully,

Joseph A. Murphy

JAM
Enclosures

cc:    (Via Email)

        Michael H. Bernstein, Esq.
        Sedgwick LLP
        *Counsel to Defendants*

# HISCOCK & BARCLAY LLP

**Joseph A. Murphy**
*Associate*

February 10, 2015

## VIA OVERNIGHT MAIL

Hon. Nelson S. Román
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

    Re:    <u>BDRN, LLC v. United Healthcare Of New York, Inc.</u>, Civil Action No. 15-cv-804 (NSR)

Dear Judge Román:

Please find enclosed two courtesy copies of our application for an Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction and to file a document under seal. This application is scheduled to be heard before Your Honor on February 27, 2015 at 2:30 p.m.

We are submitting the original papers to the Clerk of the Court under separate cover.

Respectfully,

Joseph A. Murphy

JAM
Enclosures

cc:    (Via Email)

    Michael H. Bernstein, Esq.
    Sedgwick LLP
    *Counsel to Defendants*


| | To: | Hon. Nelson S. Roman |
|---|---|---|
|  FAX | Fax No: | 19143904179 |
| | From: | Murphy, Joseph A. |
| | Contact No: | 518-429-4248 |
| | Date: | 02-13-2015 8:22 PM |
| | Subject: | Fax Message to 19143904179 |
| | No. of Pages (with cover): | 3 |

[end of cover page]

This fax was sent over the Concord network. To find out more visit www.concordfax.com

# HISCOCK & BARCLAY LLP

**Joseph A. Murphy**
*Associate*

February 13, 2015

<u>**VIA FACSIMILE (914-390-4179)**</u>

Hon. Nelson S. Román
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

    Re:   <u>*BDRN, LLC v. United Healthcare Of New York, Inc.*</u>, Civil Action No. 15-cv-804 (NSR)

Dear Judge Román:

    We represent Plaintiffs in this matter, and we write in response to Defense counsel's letter to the Court concerning the Order to Show Cause granting a temporary restraining order issued earlier today by Your Honor.

    It appears that Defendants simply misunderstood the Court's procedure and timing for considering Plaintiff's application. We copied Defendants on all correspondence with the Court, and the proposed Order to Show Cause we submitted clearly contained language seeking the temporary restraining order. I can assure the Court and Defendants alike that we had no intention of misleading Defendants in our communications, and we were surprised to learn of Defendants' confusion after receiving their letter late today.

    As to Defendants' attack on the merits of the Court's order, we are reluctant to address those issues in detail at this point, as this matter will be heard on February 27 and we do not think it is the best course to address this dispute in dueling letters. Nonetheless, because Defendants have addressed certain points in requesting that the TRO be vacated, we submit the following limited response.

    Defendants assert that Mr. Doe does not face any irreparable harm. We set forth the bases for irreparable harm in our papers, but Defendants did not address any of those specific occurrences. We are hearing for the first time today about Bioscrip and three Hemophilia Treatment Centers that Defendants think Mr. Doe should use. Because we received Defendants' letter less than two hours ago, we have not had the chance to become fully acquainted with those facilities, but it appears that two (Mount Sinai and Weill-Cornell) are located in Manhattan and thus clearly not in Mr. Doe's "location," as Defendants' letter suggests. I am not aware of where University Medical Center is located. In any event, our papers chronicled the many mishaps that

Committee on Oversight and Government Reform
February 9, 2015
Page 2

Mr. Doe had to suffer at the hands of the other arms-length vendors imposed upon him by United. Surely it will not be too much of an imposition on United for Mr. Doe to get his next order of medication at the pharmacy of his choice (BDRN) once before this matter is heard further on February 27.

It also appears that Defendants misunderstand the nature of the status quo at issue. Defendants' letter does not address at all the very real health risk that Mr. Doe faces because he is forced to use the unreliable vendors chosen by United. Absent the TRO, Mr. Doe faces the risk that the status quo of his (relatively) stable health will change for the worse between now and February 27 if he is forced once again to rely on United's stable of corporate couriers and mail-order personnel rather than the known, trusted pharmacists at BDRN that Mr. Doe has chosen to use in light of the personal service they have manifestly provided when allowed to do so by United in the past. In short, it is the status quo of Mr. Doe's health that must be preserved in the short period of the next two weeks.

Finally, we fail to see how the TRO will impose the parade of horribles that Defendants propose with respect to administrative burdens in light of the reasonable and limited scope of the Court's order.

Again, we think that these matters are best left to further discussion on February 27, and we see no reason to disturb the Court's determination at this time. Of course, we remain at the Court's disposal in the meantime.

Respectfully,

*Joseph A. Murphy*

Joseph A. Murphy

JAM
Enclosures

cc:   (Via Email)

       Michael H. Bernstein, Esq.
       Sedgwick LLP
       *Counsel to Defendants*

8911542.1

# Sedgwick LLP

225 LIBERTY STREET, 28TH FLOOR  NEW YORK, NY 10281-1008

www.sedgwicklaw.com  212.422.0202 phone  212.422.0925 fax

## Facsimile Transmittal Sheet

DATE: February 18, 2015

TIME: 4:57 pm

NUMBER OF PAGES: 2 (including cover page)

If any portion of the following document is illegible or missing, please call our Fax Center at 212.422.0202 as soon as possible.

**TO:**

| NAME | COMPANY | TELEPHONE | FACSIMILE |
|---|---|---|---|
| Hon. Nelson S. Roman | United States District Court for the Southern District of New York | 914-390-4177 | (914) 390-4179 |
| Joseph Murphy | Hiscock & Barclay, LLP | (518) 429-4248 | (518) 533-2943 |

**FROM:**

NAME: Michael H. Bernstein
OFFICE: New York

FAX BACK NUMBER: (212) 422-0925
OUR FILE NO.: 03246-000274

RE: *BDRN, LLC et al. v. UnitedHealthcare of New York, Inc., et al.* Civ. Act. No. 15-cv-804

**MESSAGE:**

**Privilege and Confidentiality Notice**

The information contained in this facsimile message is attorney privileged and confidential information intended only for the persons or entity named above. If you are not the intended recipient (or someone responsible to deliver to the intended recipient), please be aware that any dissemination or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us by telephone immediately and return the original message to us at the address above via the U.S. Postal Service. Thank you.

19921290v1

ATTORNEYS AT LAW

225 LIBERTY STREET, 28TH FLOOR   NEW YORK, NEW YORK 10281-1008
www.sedgwicklaw.com   212.422.0202 phone   212.422.0925 fax

# Sedgwick LLP

*Michael H. Bernstein*
*(212) 898-4011*
*michael.bernstein@sedgwicklaw.com*

February 18, 2015

*Via Facsimile ((914) 390-4179)*
Hon. Nelson S. Roman
United States District Court Judge
United States District Court for the Southern
District of New York
300 Quarropas St.
White Plains, NY 10601-4150

Re: *BDRN, LLC et al. v. UnitedHealthcare of New York, Inc., et al.*
    Civ. Act. No.:    15-cv-804
    Our File No.:    03246-000274

Dear Judge Roman:

    This office represents Defendants UnitedHealthcare of New York, Inc., UnitedHealthcare Insurance Company of New York and OptumRX, Inc. (collectively "United"). In response to today's inquiry from Ms. Jessica Martinez, Law Clerk to Judge Roman, United provides these answers to the Court's questions and confirms that the following is true and accurate:

1. Can Bioscript deliver the factor drugs by courier to plaintiff Doe on or before February 20, 2015?
   Answer: Yes. However, plaintiff must have a physician's prescription and follow the plan's process for ordering and arranging for his preferred method of delivery. This should be done immediately.
2. Can the factor drugs be sent to one of the HTCs for plaintiff Doe to pick up on or before February 20, 2015?
   Answer: Yes. See "1" above.
3. Can Defendants confirm that the factor drugs will be provided without any additional cost to plaintiff Doe if either of these options is utilized instead of mail order delivery?
   Answer: Yes.

Thank you for your consideration of this matter.

Respectfully submitted,

*[signature]*

Michael H. Bernstein
Sedgwick LLP

cc:    Joseph Murphy

19920915v1