# EXHIBIT H

# HISCOCK & BARCLAY LLP

**Joseph A. Murphy**
*Associate*

March 25, 2014

## VIA ELECTRONIC MAIL (naspi@uhc.com)

United Healthcare

Re:    BDRN, LLC

Dear Sir or Madam:

We write on behalf of BDRN, LLC ("BDRN") in furtherance to BDRN's previous requests to participate in United's specialty pharmacy provider network, including our letter of March 18, 2014.

We have reviewed the National Provider Inquiry Questionnaire that you emailed to us on March 19, 2014.  Unfortunately, we are unable to complete the Questionnaire because it contains several inapplicable terms and conditions, and therefore the Questionnaire is incompatible with New York's "AMMO" Law, which we cited in our letter of March 18.

Specifically, the following terms and conditions are clearly not "applicable" to a local pharmacy such as BDRN:

- The condition that an applicant currently provide services with geographical coverage in the majority of the United States.

  The vast majority of BDRN's customers reside in and around New York, and the vast majority of its prescriptions are filled in that area.  Although BDRN is prepared to apply for the appropriate licenses and registrations in other states to the extent necessary to serve BDRN's customers, BDRN anticipates that any such need will be limited in the foreseeable future.  Additionally, we note that pharmacy benefit managers ("PBMs") such as those hired by United typically impose as a condition for membership in their networks that participating pharmacies not be mail order pharmacies.  If United were to insist on imposing this geographical service condition (which it cannot do under New York law), retail pharmacies would thus likely find themselves excluded from the PBMs' networks by virtue of their being deemed mail order pharmacies.

March 25, 2014
Page 2

- The condition that a specialty pharmacy applicant be accredited by URAC.

  There is no provision under New York law for the requirement that a pharmacy be accredited by URAC, or any other accrediting body. Moreover, it is our understanding that URAC is a creation of the PBM industry and serves primarily as an anti-competitive barrier to entry for retail pharmacies that would compete with large PBMs. For example, we understand that URAC's accreditation fees for specialty pharmacies are approximately $30,000 for a single pharmacy location, and URAC takes months to make a determination after the application has been submitted.

For decades prior to the recent creation and imposition of restrictive "specialty" pharmacy networks, BDRN and other retail pharmacies in New York dispensed without incident drugs that United now considers to be "specialty" drugs, without maintaining nation-wide geographical coverage and without URAC accreditation. Those conditions therefore clearly are not "applicable" to BDRN.

Accordingly, please confirm that, consistent with New York law, United agrees that BDRN may disregard those terms and conditions.

Given the urgent medical necessity of the medications that BDRN provides to United's members, we ask that you provide a response no later than the close of business on April 1, 2014.

If you would like to discuss these issues prior to issuing your response, please feel free to call or email me, or to email BDRN directly, with a copy to me.

Very truly yours,

Joseph A. Murphy

JAM
Enclosures

cc:   BDRN, LLC

      Lisa Landau, Esq.
      Bureau Chief
      Health Care Bureau
      New York State Office of the Attorney General
      120 Broadway
      New York, NY 10271

7970473.1

March 25, 2014
Page 3

Ms. Laura Dillon, Principal Examiner
Consumer Assistance Unit
New York State Department of Financial Services
One Commerce Plaza
Albany, NY 12257