ATTORNEYS AT LAW

225 LIBERTY STREET, 28TH FLOOR  NEW YORK, NY 10281-1008
www.sedgwicklaw.com  212.422.0202 *phone*  212.422.0925 *fax*

# Sedgwick LLP

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/26/2015

*Michael H. Bernstein*
*(212) 898-4011*
*michael.bernstein@sedgwicklaw.com*

May 25, 2015

*Via Facsimile*

Hon. Nelson S. Román, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas Street, Courtroom 218
White Plains, NY 10601-4150

> Pre-motion Conference scheduled for June 4, 2015 at 11:30 am. Opposing party to state position in writing (not to exceed 3 pages) by June 1, 2015. This letter is deemed a timely response to Plaintiffs' Amended Complaint.
>
> Dated: May 26, 2015
>
> SO ORDERED:
> [signature]
> HON. NELSON S. ROMÁN
> UNITED STATES DISTRICT JUDGE

Re: *BDRN, LLC, et al. v. UnitedHealthcare of New York, Inc. et al.*
   Civ. Act. No.: 7:15-cv-00804 (NSR)
   File No.    03246-000274

Dear Judge Román:

This office represents defendants UnitedHealthcare of New York, Inc., UnitedHealthcare Insurance Company of New York, and OptumRx, Inc. (collectively, "Defendants") in the above-referenced action brought by plaintiffs BRDN, LLC, BDRN Pharmacy, LLC (the two BDRN plaintiffs are collectively referred to as "BDRN") and John Doe (the three plaintiffs are collectively referred to as "Plaintiffs"). In accord with your Individual Practice Rules, <u>we write to request a pre-motion conference to discuss Defendants' proposed motion for an order pursuant to FED. R. CIV. P. 12(b)(6) and 9(b) dismissing Plaintiffs' Amended Complaint. We also request that the Court treat this letter as a timely response to Plaintiffs' Amended Complaint.</u>

Plaintiffs assert five causes of action which allege that Defendants violated the following statutes: N.Y. INSURANCE LAW §3216(i)(28); Sherman Act, 15 U.S.C. §1; Donnelly Act, GEN. BUS. LAW §340(1); GEN. BUS. LAW §§349 and 350; and Lanham Act, 15. U.S.C. §1125. Plaintiff, John Doe, is allegedly enrolled in an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.*, as amended ("ERISA") (Am. Comp., ¶ 27), and his Amended Complaint challenges Defendants' administration of his benefit claims. For the sake of brevity, the Court's attention is directed to its March 18, 2015 Order denying Plaintiffs' motion for a preliminary injunction for a discussion of the relevant factual allegations. (Doc. No. 24, pp. 2-5).

Plaintiffs' first cause of action alleges that defendants violated N.Y. INSURANCE LAW §3216(i)(28). This cause of action fails to state a claim for relief for a number of reasons. First, N.Y. INSURANCE LAW §3221 does not provide Plaintiffs with a private right of action. *See Hudes v. Vytra Health Plans Long Island Inc.*, 295 A.D.2d 788, 790, 744 N.Y.S.2d 80, 82 (3d Dep't 2002) (finding that neither N.Y. INSURANCE LAW §3216 and §3221 provides for a private right of action). *See also Warren Pearl Const. Corp. v. Guardian Life Ins. Co. of Am.*, 639 F. Supp. 2d 371, 377, n.2 (S.D.N.Y. 2009) (ruling that N.Y. INS. LAW §3221 did not provide for a private right of action).

Hon. Nelson S. Román, U.S.D.J., U.S.D.J.
Re: *BDRN, LLC, et al. v. UnitedHealthcare of New York, Inc. et al.*
    Civ. Act. No.: 7:15-cv-00804
    File No.      03246-000274
May 25, 2015
Page 2

Second, BDRN is not within the zone of interests to be protected by N.Y. INSURANCE LAW §3221(1)(18). The statute was enacted to protect policy holders, not medical providers or pharmacies. *See Hudes*, 295 A.D.2d at 790, 744 N.Y.S.2d at 82. Here, Voyetra, Plaintiff Doe's employer, is the policy holder.

Third, even if Plaintiffs had a private right of action and were within the zone of interests to be protected by the statute, they have failed to demonstrate that they are eligible for the statute's protection. N.Y. INS. LAW §3221(1)(18) provides, in pertinent part, that an insured may fill covered prescriptions if "the network participating non-mail order retail pharmacy agrees in advance, through a contractual network agreement, to the same reimbursement amount, as well as the same applicable terms and conditions, that the insurer has established for the network participating mail order or other non-retail pharmacy." Plaintiffs concede that BDRN and BDRN Pharmacy do not meet the terms and conditions that United has established for its Specialty Pharmacy Network, as neither BDRN nor BDRN Pharmacy holds a URAC Specialty Pharmacy Accreditation. (Am. Comp., ¶ 52-53, 62-63). Plaintiffs have not (and could not) allege that New York law requires this Court to set aside United's judgment about the quality standards it employs to determine a particular pharmacy is sufficiently credentialed to qualify as a participating provider in its specialty pharmacy network. Accordingly, Plaintiffs' first cause of action must be dismissed because it fails to state a claim for which relief may be granted.

BDRN's second and third causes of action, which allege violations of federal and New York antitrust law, likewise fail for several reasons. First, Plaintiffs allege that each defendant is a wholly owned subsidiary of UnitedHealth Group Incorporated and that each defendant is a corporate affiliate of one another. (Am. Comp. ¶¶ 18, 20). As a matter of law, sister companies are incapable of conspiring with one another in violation of § 1 of the Sherman Act or the Donnelly Act. *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 776 (1984) (joint activities of a parent company and its wholly owned subsidiary cannot constitute a combination or conspiracy in violation of § 1 of the Sherman Act); *Gucci v. Gucci Shops, Inc.*, 651 F. Supp. 194, 196-97 (S.D.N.Y. 1986) ("*Copperweld* applies with equal force to sister corporations as well as to commonly-owned corporations, as has been recognized by both courts and commentators."); The same rule precludes Plaintiffs' claims brought under New York's Donnelly Act. *See N. Atl. Utilities, Inc. v. Keyspan Corp.*, 307 A.D.2d 342, 343, 762 N.Y.S.2d 820, 821 (2d Dep't 2003) ("sister subsidiary corporations which are wholly-owned by the same parent corporation are legally incapable of conspiring with each other" under the Donnelly Act).

Second, Plaintiffs' federal and state antitrust causes of action fail because they have no antitrust standing due to their failure to allege any antitrust injury, which is "injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful. *Balaklaw v. Lovell*, 14 F.3d 793, 797 (2d Cir. 1994). This requires injury to competition in the relevant market as a whole. *Id.* (Sherman Act); *Williams v. Citigroup, Inc.*, 36 Misc. 3d 1201(A), at *4, 954 N.Y.S.2d 762 at *4 (N.Y. Sup. Ct. N. Y. County 2012) (Donnelly Act). Plaintiffs' alleged antitrust injury stems from their "exclusion from United's specialty pharmacy network" (Am. Comp., ¶ 97), as well as the alleged lost sales to BDRN and Doe's dissatisfaction with the service received from one specialty pharmacy in United's network. Such claims against a health insurer, which are based on the insurer's condition of membership in its own specialty pharmacy network, fail for lack of antitrust standing as a matter of law. *Ambroze v. Aetna Health Plans of N. Y., Inc.*, No. 95 CIV 6631 (DLC), 1996 WL 282069 at *6 (S.D.N.Y. 1996), *aff'd* 152 F.3d 917 (2d Cir. 1998); *Westchester Radiological Assocs. P.C. v. Empire Blue Cross & Blue Shield, Inc.*, 707 F. Supp. 708, 711 (S.D.N.Y.), *aff'd*, 884 F.2d 707 (2d Cir. 1989).

20224039v1

Hon. Nelson S. Román, U.S.D.J., U.S.D.J.
Re: *BDRN, LLC, et al.* v. *UnitedHealthcare of New York, Inc. et al.*
    Civ. Act. No.: 7:15-cv-00804
    File No.     03246-000274
May 25, 2015
Page 3

Third, Plaintiffs have not sufficiently identified the relevant product market. Plaintiffs allege that "the relevant product market here is the market for the dispensing of the drugs contained in the formulary for United's specialty pharmacy network." (Am. Comp. ¶ 89). Plaintiffs' product market definition is fatally defective because it limits the market to a single brand: United's Specialty Designated Pharmacy Network. *See Brokerage Concepts, Inc.* v. *U.S. Healthcare, Inc.*, 140 F.3d 494, 513-15 (3d. Cir. 1998) (rejecting plaintiffs' attempt to define the market as "U.S. Healthcare members with prescription drug benefits", holding that "this narrow market definition cannot stand as a matter of law."). Factor drugs are available through many sources and healthcare coverage for factor drugs is available through many other health Plans - not just under United's health plans. Plaintiffs' attempt to so narrowly and artificially circumscribe the factor drug market is entirely unavailing. Without a validly defined product market, Plaintiffs cannot prevail on their antitrust claims.

Plaintiffs' fourth and fifth causes of action, which allege that Defendants engaged in false advertising, both fail to state a claim for which relief may be granted. Plaintiffs allege that Defendants made "materially misleading statements in advertisements and marketing materials targeting current and potential members of United's network." (Am. Comp. ¶113). In support, Plaintiffs cite two communications: a website statement that "'Members must use a network specialty pharmacy for benefit coverage of certain specialty medications in order to receive in-network benefits for their specialty mediations" (*id.* ¶114); and a letter stating "Per your health plan self-administered medications are covered through the prescription drug benefit and obtain through the Specialty Designated Pharmacy program." *Id.* ¶ 116. Neither of these communications consists of a misleading or false statement. Nor do Plaintiffs properly allege causation. *Medisim Ltd.* v. *BestMed LLC*, 910 F. Supp. 2d 591, 607 (S.D.N.Y. 2012) (causation is required under the Lanham Act and GEN. BUS. LAW §§ 349 and 350). A plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 545 (2007).

Plaintiff John Doe's claims for violation of GEN. BUS. LAW §§349 and 350 are also preempted by ERISA, because the gravamen of these claims is that Defendants improperly denied Doe benefits, which he claims are due under his employer's group health benefit plan. ERISA completely preempts state law claims that relate to the administration of an employee welfare benefit plan; and courts have consistently ruled that these types of claims under these statutes may only be brought pursuant to ERISA §502(a), 29 U.S.C. §1132(a). *See Aetna Health, Inc.* v. *Davila*, 542 U.S. 200 (2004); *Gianetti* v. *Blue Cross & Blue Shield of Conn., Inc.*, No. 3:07cv01561, 2008 WL 1994895, *8 (D. Conn. May 6, 2008) (fraud claims preempted by ERISA); *Berry* v. *MVP Health Plan, Inc.*, No. 1:06-CV-120 , 2006 WL 4401478, *8 (N.D.N.Y. Sept. 30, 2006) (unjust enrichment claim was preempted by ERISA).

Plaintiffs' fifth cause of action, which alleges that Defendants violated the Lanham Act, 15 U.S.C. §1125, also fails for the additional reason that Plaintiffs have not properly alleged a violation under the Act. The Lanham Act prohibits only those false or misleading statements that occur in the context of "commercial advertising or promotion." 15 U.S.C. § 1125(a)(1)(B). A false statement constitutes commercial advertising or promotion where the statement is by a defendant who is in commercial competition with plaintiff and for the purpose of influencing consumers to buy the defendant's goods or services. *Gordon & Breach Sci. Publishers S.A.* v. *Am. Inst. of Physics*, 859 F. Supp. 1521, 1536 (S.D.N.Y. 1994). The Amended Complaint does not allege facts sufficient to meet this standard.

For the foregoing reasons, Defendants request that the Court schedule a pre-motion conference to discuss their proposed motion to dismiss in accordance with Your Honor's Individual Practice Rules.

20224039v1

Hon. Nelson S. Román, U.S.D.J., U.S.D.J.
Re: *BDRN, LLC, et al. v. UnitedHealthcare of New York, Inc. et al.*
　　Civ. Act. No.: 7:15-cv-00804
　　File No.　　03246-000274
May 25, 2015
Page 4

Respectfully submitted,

*[signature]*

Michael H. Bernstein
Sedgwick LLP

cc: Linda J. Clark and Joseph A. Murphy, Hiscock Barclay, LLP

## CERTIFICATE OF SERVICE

I, JOHN T. SEYBERT, hereby certify and affirm that a true and correct copy of the attached **LETTER DATED MAY 25, 2015** was served via facsimile on this 25th day of May, 2015, upon the following:

> Linda J. Clark, Esq.
> Joseph A. Murphy, Esq.
> Hiscock & Barclay, LLP
> 80 State Street
> Albany, New York 12207
> Telephone (518) 429-4248
> *Attorneys for Plaintiffs*

　　　　　　　　　　　　　　s/ John T. Seybert
　　　　　　　　　　　　　　JOHN T. SEYBERT

Dated:　　New York, New York
　　　　　　May 25, 2015

20224039v1